UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS SALAZAR,<br><br>            Plaintiff,<br><br>      v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | Case No. 1:19-cv-01047-JDP<br><br>ORDER ON SOCIAL SECURITY APPEAL |

Claimant has requested judicial review of the Social Security Administration's ("SSA") denial of his application for disability insurance benefits and supplemental security income. On May 13, 2020, we heard argument from the parties. Having considered arguments made at the hearing, and having reviewed the record, administrative transcript, briefs of the parties, and applicable law, we affirm the decision of the SSA's Administrative Law Judge ("ALJ").

On appeal, we ask only whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g). We will uphold the ALJ's decision if it is rational, even if there is another rational interpretation of the evidence; we will not substitute our judgment for that of the Commissioner. *Id*.

The ALJ found claimant to have five severe impairments: obesity, bilateral elbow degenerative joint disease and bursitis, major depressive disorder, generalized anxiety disorder, and cannabis abuse in reported remission. AR 26.[1] On appeal, claimant argues that the ALJ

---

[1] The ALJ also noted that claimant has been treated for a seizure disorder. *Id.*

erred (1) by improperly rejecting the physical functional assessment of claimant's treating physician, Dr. Molina, and (2) by rejecting the opinions of physicians concerning claimant's mental limitations, in favor of her own lay interpretation of the clinical data.

On the first issue, claimant faults the ALJ for giving short shrift to the opinion of Dr. Molina as to claimant's physical limitations.  Dr. Molina was a treating psychiatrist who opined that claimant had significant physical limitations due to his elbow impairment.  AR 34.  The ALJ gave this opinion "little weight" because it was "not supported by or consistent with the objective medical evidence in the record."  AR 34.  The ALJ explains that the RFC "more than adequately accommodates the claimant's physical impairments."  *Id.*  The ALJ notes that "claimant has not been recommended for surgery for his elbow impairment and physical examinations in the record [are] inconsistent with greater limitations."  *Id.*

An ALJ may not reject the contradicted opinion of a treating doctor "without providing specific and legitimate reasons supported by substantial evidence in the record."  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  Here, the ALJ's discussion of her reasons for discounting Dr. Molina's opinion, which includes citations to medical record evidence, provides specific and legitimate reasons supported by substantial evidence in the record.  *See Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) ("As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion.").

On the second issue, the ALJ found that claimant's mental impairments reduced his residual functional capacity ("RFC")—and incorporated limitations on light work to perform simple routine tasks with occasional interaction with the public—but she ultimately found the impairments not disabling.  She made this determination by weighing the claimant's testimony and the medical evidence along with opinions from reviewing, examining, and treating physicians on how claimant's mental impairments impacted his RFC.  The ALJ assigned great weight to the opinions of Dr. Collado and Dr. Genese, incorporating their recommended limitations into the RFC.  However, the ALJ noted that the medical record evidence on this issue was not substantial.  *See* AR 33 ("claimant's psychiatric or mental status examinations in the record are generally

unremarkable and inconsistent with greater limitations"). The ALJ gave less weight to opinions that were not supported by the medical record, which demonstrated that claimant's mental impairments were helped by medication and treatment and he has generally normal psychiatric and mental examinations. AR 33-35.

We see no error here. Ultimately, the burden rests with the claimant to prove that he is disabled by furnishing medical and other evidence. *See* 42 U.S.C. § 423(d)(5); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999), as amended (June 22, 1999) ("The claimant bears the burden of proving that she is disabled."). We see no error with how the ALJ evaluated the mental impairment evidence and opinions in this case.

In sum, we find that the ALJ's decision is supported by substantial evidence and that claimant has identified no reversible error in the ALJ's analysis. For the reasons stated in this order, we deny claimant's appeal from the administrative decision of the Commissioner of Social Security and direct the clerk of court (1) to enter judgment in favor of defendant and against claimant Carlos Salazar and (2) to close this case.

IT IS SO ORDERED.

Dated:   September 30, 2020                          _____
                                                     UNITED STATES MAGISTRATE JUDGE


No. 204.